[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S OBJECTIONS TO PLAINTIFF'S INTERROGATORIES
In paragraph 38 of his Interrogatories and Requests for Production, plaintiff Roman Witkowski seeks to discover certain listed information concerning any investigation as to the subject matter of this case which was made by or on behalf of defendant Robert A. Gryboski, M.D., either in the regular course of his business or in preparation for litigation herein. Defendant Gryboski objects to this request because it "seeks information prepared in anticipation of litigation or trial and goes beyond the scope of Secs. 219 and 220 of the Connecticut Practice Book."
It must first be noted that defendant has not objected to that portion of Interrogatory 38 which requests information as to investigations conducted in the regular course of his business but not in anticipation of litigation. The defendant must respond to the unobjected-to portion of that interrogatory because he failed to object to it in timely fashion. Practice Book Section 224 provides that "Objection by a party to certain of the interrogatories served upon him shall not relieve [him] of the obligation to answer the interrogatories to which he has not objected . . ." within the time allowed by law. By that same logic, a party who objects to one readily divisible portion of a single interrogatory cannot thereby refuse to answer the remainder of that interrogatory. If this were permitted, the purposes of civil discovery would be frustrated, and the just resolution of lawsuits would be delayed. Defendant Gryboski must answer the unobjected-to portion of Interrogatory 38 forthwith.
It is true, of course, that the remainder of Interrogatory 38 inquires expressly about certain investigative efforts which were conducted by or on behalf of the defendant in anticipation of litigation. This, however, does not make the requested information immune from discovery, Stanley Works v. New Britain Redevelopment Agency, 155 Conn. 86 (1967), under either the common-law "work product" doctrine or its modern-day equivalent in Practice Book Section 219. It is well settled that in a civil action an attorney may be required to disclose the non-privileged portion of his work product to his adversary on a showing that the adversary has a substantial need for it in preparing his case and that he is unable without undue hardship to obtain its substantial equivalent by other means. Id. So powerful is society's interest in ensuring the fair adjudication of civil disputes based on the full disclosure of relevant data to all parties that except for privileged communications, the only portion of an attorney's work product that is invariably shielded from disclosure is that which contains his CT Page 952 "mental impressions, conclusions, opinions or legal theories" concerning the case in question. Id.
The defendant here argues that the plaintiff's requests for information about his investigative efforts in preparing this case must be disallowed because they are not supported by the requisite showing that plaintiff has substantial need of the requested information to prepare his case and/or that he is unable without undue hardship to obtain their substantial equivalent by other means. As written, however, Practice Book Section 219 requires such a preliminary showing only as to "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or . . . that party's representative . . .," not as to extrinsic, non-substantive information concerning the existence or general nature of such materials, or the process by which they were gathered or prepared. The evident purpose of this requirement is to prevent the disclosure in substance of a party's work product to his adversary without a substantial preliminary showing both of the adversary's need for it and of its unavailability to him in substance by other reasonable means. The rule is plainly not designed to prevent adverse parties from learning of the existence of such materials or of their general nature or description, for without such knowledge, the required showing of need and unavailability without undue hardship could never be made.
By its terms, Interrogatory 38 asks only for general, historical information as to the conduct of any case-related investigation and the existence of any records or reports of the observations made therein and/or the results thereof. It does not request disclosure either of the records or reports themselves or of their substantive contents. This, then, is not a request for the discovery of "work product," which can only be granted upon a substantial prior showing of need and unavailability under Practice Book Section 219. Rather, it is a request for preliminary information about the existence and general character of those documents upon which a later request for their disclosure may properly be based. Such a limited request for information is entirely proper even without a showing under Section 219 both because it does not itself seek the discovery of work product and because it is "reasonably calculated to lead to the discovery of admissible evidence." Practice Book Section 218.
Special concerns are raised by the requests contained in subparagraphs (b) and (c) of Interrogatory 38, wherein the plaintiff asks respectively for a description of each matter investigated and for the reasons why each investigation was made. The former, if broadly construed, could properly be read CT Page 953 as a blanket request for the substantive results of each investigation. So construed, it would plainly require a preliminary showing of need and unavailability under Section 219. The court, however, construes this inquiry more narrowly — as a limited request for a generic indication as to the general nature of each investigation conducted (e.g. interview with witness X, visit to location Y, etc.). Given that construction, it may properly be answered without violating the "work product" doctrine of Section 219.
The request in subparagraph (c) for the reason why each investigation was made must also be narrowly construed. As read by the court, it asks only whether the investigation in question was conducted in anticipation of litigation. Any broader inquiry as to purpose would be improper, for it would require the defendant to divulge the "mental impressions, conclusions, opinions, or legal theories of [his] attorney or other representative . . . concerning the litigation," in violation of Practice Book Section 219 and the work product doctrine. Subject only to these narrowing constrictions, Interrogatory 38 must be answered in its entirety forthwith.
In paragraph 40 of his Interrogatories and Requests for Production, the plaintiff asks whether the defendant or any of his agents, servants or employees made any oral or written report or gave any other notice concerning any of the occurrences here complained of to any insurance company, agent, or broker, and if so, to supply certain specific information as to each such report. The defendant objects to this Interrogatory on grounds substantially similar to those he advanced in opposition to Interrogatory 38.
Defendant's objections to Interrogatory 40 are overruled on the same basis as were his objections to Interrogatory 38. As to any notice or report that was not made in anticipation of litigation or for trial, such notice or report is plainly not governed by Practice Book Section 219, and thus may properly be discovered even in the absence of any preliminary showing thereunder. Unless any such notice or report was made personally by the defendant as part of any privileged communication by him, the defendant must divulge it forthwith, together with all the other information about it which the plaintiff has requested.
As to any such notice or report which was made in anticipation of litigation or for trial, moreover, the fact of its making or occurrence, together with all requested details as to the circumstances in which it was made, must similarly be disclosed even in the absence of any showing of plaintiff's need for it or inability otherwise reasonably to obtain it under CT Page 954 Section 219. Such extrinsic, non-substantive information concerning these notices or reports, unlike the notices or reports themselves, simply does not constitute the sort of work product which cannot be ordered disclosed without a preliminary showing of need and unavailability under Section 219. Therefore, defendant's objections as to subparagraph (a), (b), (c) and (e) of Interrogatory 40 are overruled.
As to subparagraph (d) of Interrogatory 40, however, defendant's objection is sustained because the plaintiff therein requests the substance of each such notice or report notwithstanding his failure to make the showing required by Section 219. The only such notices or reports as to which disclosure is permissible are those which the defendant made personally in the course of an unprivileged communication, for those are the only statements here requested for which no showing under Section 219 is required.
In paragraph 46 of his Interrogatories, the plaintiff has asked the defendant to disclose whether his license to practice medicine has ever been revoked, suspended or terminated in any other state or country, and if so, to disclose certain historical data concerning any such revocation, suspension or termination. The defendant objects that this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, and that it goes beyond the permissible scope of General Statutes section 19a-17b. The court disagrees.
Evidence as to any revocation, suspension or termination of the defendant's medical license in any other state or country, and in particular as to the reasons for that action, can logically be expected to shed considerable light on the defendant's knowledge, abilities, practical experience and other qualifications as they relate to the case here at issue. Such information, though perhaps not admissible in the plaintiff's case-in-chief, appears reasonably calculated to lead to the discovery of admissible evidence. Connecticut Practice Book Section 218.
The provisions of General Statutes section 19a-17b, moreover, cannot be read to bar discovery as to the occurrence of any such disciplinary action or as to any findings or proceedings which may have been involved therein or have led thereto. Even if the statute were read so broadly as to preclude the admission into evidence of any testimony concerning or records of the proceedings themselves, as is clearly provided for in-state proceedings of this nature, subsection (d) of the statute clarifies that extrinsic evidence of the facts underlying any such disciplinary action may be admitted in a civil action if it derives from an independent source. Since CT Page 955 divulgence of the information here requested is reasonably calculated to lead not only to the inadmissible records themselves, but to persons whose independent recollection of any pertinent underlying facts fully entitle them to testify, discovery is plainly permissible under the broad guidelines of Practice Book Section 218. For that reason, defendant's objection to Interrogatory 46 is also overruled.
So ordered this 2nd day of January, 1992.
MICHAEL R. SHELDON JUDGE, SUPERIOR COURT